UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGEL MARTINEZ, on his own
behalf and on behalf of all others
similarly situated, PLAINTIFF

v.                                                                  Cause No: 3:16-cv-00032-MPM-JMV

TRI-STATE ENTERPRISES, LLC;
REGINA BROCK; LEE BROCK; and
MICHAEL BROCK, DEFENDANTS

# ORDER

This matter is before the Court on Plaintiff's Fifth Motion for Contempt [80]. For the reasons stated below, the motion is granted in part, denied in part, and held in abeyance in part.

## Background

The relevant history of this case is as follows:

Plaintiff filed the complaint [1] on February 12, 2016. Defendants filed their answer [10] to the complaint on April 1, 2016. Counsel for defendants, Graves, Smith, Palmertree, & Shaw, PLLC, moved to withdraw from the case on May 4, 2016. On May 5, 2016, a case management conference (CMC) was held, and the case management order (CMO) was entered the same day. The CMO required that initial disclosures of Rule 26 documents be exchanged within seven days following the CMC.

On May 23, 2016, Plaintiff filed his first motion for sanctions [18] for defendants' failure to comply with the initial disclosures obligation. The defendants retained Attorney Stephen Livingston on the same date to act as counsel for them. On May 24, 2016, the undersigned granted Graves, Smith's motion to withdraw. *See* Doc. [19].

On July 6, 2016, the court granted Plaintiff's unopposed motion for sanctions, *see* Doc. [23], and by separate Order [25] entered August 11, 2016, awarded fees of $425.00 against the defendants, jointly and severally. The August 11 Order required that defendants complete initial disclosures within five days of service of that Order and pay the sanction to Plaintiff's counsel within fourteen days of service. Though Mr. Livingston had been retained as early as May 23, 2016, he had not entered an appearance in the action.

On September 26, 2016, a Show Cause Order [28] was entered by District Judge Mills because no response to a motion [21] for provisional class certification had been filed on behalf of the defendants. No response to the Show Cause Order was thereafter filed, and an Order [30] granting provisional certification was entered on October 13, 2016. Not until November 10, 2016, did Mr. Livingston file a notice [37] of appearance as counsel for the defendants--though, as noted, he had originally been retained in the action as early as May 23, 2016.

On October 28, 2016, Plaintiff filed a motion to compel responses to discovery [32] and a motion for contempt [33], and a hearing on those motions was held November 14, 2016. During the hearing, however, the parties announced that they had reached an agreement. The agreement reiterated the defendants' earlier imposed obligation to pay a sanction of $425.00.[1]

On February 13, 2017, Plaintiff filed a Second Motion for Contempt [43] related to defendants' alleged failure to comply with certain requirements of the Order granting conditional certification. Later, on March 10, 2017, Plaintiff filed a motion [47] to compel discovery responses. On March 13, 2017, during a hearing, the undersigned granted both the motion for contempt and the motion to compel, and awarded fees against the defendants. *See* Doc. [48]. Mr. Mike Brock was present for the hearing. Plaintiff's counsel was required to file an

---

[1] During the hearing held October 30, 2017, counsel for defendants indicated that it appeared that this amount had been paid by defendants at some point.

itemization of fees incurred in bringing the motions. *Id*. The itemization [50] was unopposed, and an Order [53] awarding fees and expenses of $4,954.81 was entered against the defendants.

On May 26, 2017, Plaintiff filed a third motion for contempt [54], and on June 21, 2017, a hearing was held on the motion. By Order [57] dated June 22, 2017, defendants were granted additional time to pay the prior sanction award, and a sanction of $400.00 was assessed against Mr. Livingston because his failures, as opposed to any failure of his clients, had occasioned the third motion for contempt. Mr. Livingston had announced during the hearing on the motion that a very serious health condition in combination with his failure to keep the Court apprised of his contact information contributed to defendants' failure to comply with the Court's orders. Mr. Livingston was allowed sixty days from the date of that Order to pay the sanction.

On July 21, 2017, the undersigned denied a motion [58] to withdraw filed by Mr. Livingston on July 12 because Mr. Livingston had not complied with the Court's Order dated June 22, 2017--namely he had not certified on the record that he had provided all of his clients with copies of all orders entered in the case. *See* Doc. [63]. He was given until July 26 to do so. *Id*.

On July 24, 2017, Mr. Livingston certified he had delivered all orders to his clients, and on August 2, 2017, an Order [72] was entered allowing Mr. Livingston's withdrawal, but reminding him of his obligation to satisfy the $400.00 sanction award against him by no later than August 21, 2017.

On August 28, 2017, Plaintiff filed yet another motion for contempt [73], but the motion was denied for insufficient briefing. On September 7, however, the individual defendant, Mr. Mike Brock, said to be acting on behalf of the Defendant LLC, wrote a letter to the Court [75], advising, among other things, that around the end of July 2017 at the request of Mr. Livingston,

he had written a check to Mr. Livingston for $400.00, presumably to satisfy a putative award of sanctions against the defendants. The $400.00 was never transmitted to Plaintiff or his counsel in satisfaction of the $400.00 sanction award, which was against Mr. Livingston, not his clients. On September 27, 2017, Plaintiff filed a fifth motion for contempt [80], and on September 28, 2017, new counsel for the defendants entered an appearance, *see* Doc. [82], and later filed a formal response [88] in opposition to the motion for contempt.

### Plaintiff's Fifth Motion for Contempt

Before the Court for consideration is whether the defendants' and/or Mr. Livingston's failures to comply with the sanctions awards in this case (the award of $4,954.81 against the defendants, jointly and severally, and the $400.00 award against Mr. Livingston) are grounds for finding any of them in contempt and/or warrant a further order of sanctions. It appears to the Court that Mr. Livingston wrongfully took from defendants $400.00 by falsely contending the clients had been ordered to pay it as a further sanction. Making matters worse, Mr. Livingston never in fact paid the $400.00 collected from the client to satisfy the sanction. Indeed, during the October 30 hearing, Mr. Livingston conceded the client was due a $400.00 refund.

### Ruling

Mr. Livingston: Mr. Livingston is found to be in contempt of court, and he is directed to self-report this matter to the Mississippi Bar forthwith. In particular, Mr. Livingston, who was, as counsel for defendants, ordered to personally pay $400.00 as a sanction arising out of his own failures to obey orders of the Court, instead collected the $400.00 from his client and, even then, did not pay the fees to Plaintiff as ordered. This necessitated even further hearings in this matter. In addition, Mr. Livingston collected fees from his client(s) for representation beginning May 23, 2016, but did not actually enter an appearance or take any action on their behalf until November

4

2016. In the interim, Mr. Livingston's clients were sanctioned $425.00 as a consequence of Plaintiff's unopposed motion for fees occasioned by failure of the defendants to make initial disclosures. Mr. Livingston has been ordered to repay his client by 5:00 PM on October 30, 2017, the $400.00 sanction and to pay counsel for Plaintiff from his own funds the $400.00 sanction award. Any failure to do so will result in further appropriate sanctions.

The defendants: The defendants have alleged they were unaware that a sanction of $4,954.81 had been awarded against them while Mr. Livingston served as their counsel. The court notes, however, that at least one of the individual defendants, Mike Brock, was present at the hearing where the fact of such sanction was ordered (though not the amount of the sanction which was not assessed until after Plaintiff's counsel filed his unopposed itemization of fees and expenses incurred in bringing the matter on for hearing). Further, at the hearing held October 30, 2017, Mr. Brock conceded he was aware of the fact that a monetary sanction had been awarded against the defendants and that his counsel might have mentioned "something about $5,000.00." In short, the Court finds no basis to reconsider the award previously assessed against the defendants, but will allow the defendants thirty (30) days from October 30, 2017, to pay the same in full. The defendants have been admonished that a further failure to pay the sanction will result in further sanctions as deemed appropriate.

As for costs incurred in bringing the fifth motion for contempt, the Court will hold that matter in abeyance until such time, if any, the Court deems such an award, after notice, to be appropriate. Except as otherwise noted herein, the motion is denied.

So ordered this, the 6th day of November, 2017.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE