# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ANGEL MARTINEZ, on his own behalf**                  **PLAINTIFF**
**and on behalf of all others similarly situated**

**VS.**                   **CIVIL ACTION NO.: 3:16-cv-32-MPM-JMV**

**TRI-STATE ENTERPRISES LLC,**
**REGINA BROCK, MICHAEL L. BROCK,**
**and LEE BROCK**                  **DEFENDANTS**

## ORDER ON MOTION FOR DISCOVERY
## TO TAKE DEPOSITION OF PLAINTIFF OUT OF TIME

This matter is before the Court on the motion of the Defendants to take the Plaintiff's deposition out of time. For the reasons discussed below, the motion will be DENIED.

The tortured procedural history of this case has been recounted by the court many times, and the undersigned declines to do so again herein, except by reference to its earlier orders: See, [23], [39], [48], [57], and [94].

In short, Defendants have had four lawyers (three have withdrawn under varying circumstances), and, as demonstrated by the Orders referenced above, Defendants, both while represented and when acting without counsel, have failed and refused to comply with their discovery obligations and/or this Court's Orders. Despite all of this, the case finally proceeded through the close of discovery on March 30, 2018. Dispositive motions were due on April 13, 2018. On this

1

date Plaintiff filed its pending motion for summary judgment [113].

*Law and Analysis*

>Local Uniform Civil Rules, Rule 26 (b) controls discovery, and reads as follows:
>(b) Setting Discovery Deadlines. The Case Management Order will establish a firm discovery deadline.
>(1) The discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made and by which all depositions must be concluded. Supplementation of disclosures must be concluded by the discovery deadline.
>(2) Counsel *must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown* (emphasis added).
>Further, Local Rule 7(b)(2)(B) provides:
>A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline.
>Finally, the Federal Rules of Civil Procedure require that motions to amend the case management order be supported by "good cause." Fed. R. Civ. P. 16(b)(4). The factors used to determine good cause are: (1) the explanation for failure to conform to the scheduling order; (2) the importance of the proposed modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *See Sw. Bell Tel. Co. V. City of El Paso*, 346 F. 3d 541 (5th Cir. 2003).

*Pers. v. Ford Motor Co.*, No. 3:09CV133-M-A, 2011 WL 13157355, at 1–2 (N.D. Miss. Aug. 11, 2011).

Not until over three months after the close of discovery have Defendants moved to reopen discovery to take the Plaintiff's deposition. In support thereof, the Defendants offer only that the trial of this case is set for February 4, 2019, and the Plaintiff's deposition is "necessary to complete their trial preparation and will assist in timely and efficient presentation of the evidence and testimony at the trial and will contribute to a possible settlement of the case." None of these are particularized reasons for reopening discovery in a case already long past the dispositive motion deadline.

Moreover, the suggestion, at this point, given the procedural history of this case, that the

Defendants are interested in the efficient presentation of this case is disingenuous, at best. Permitting a deposition at this point will only add to the unnecessary cost already occasioned by Defendants' past failure to comply with this Court's orders, deadlines, and discovery obligations.

Further, in the typical case, discovery expires after only a six-month period. In this case, Defendants had over eight months to take discovery and still did not take the Plaintiff's deposition. As noted, they did not even bring on their motion to take the Plaintiff's deposition out of time for an *additional* four-month period past the close of discovery.

Finally, the District Judge has previously continued the trial date [105], and the Magistrate Judge has no indication whether he would be inclined to do so again. In any event, the Defendants, as of now, have not sought a continuance. Therefore, the undersigned finds that no good cause—or even any colorable cause —is pled in support of the instant motion. Accordingly, it is DENIED.

**SO ORDED** this, August 29, 2018.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**