IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANGEL MARTINEZ**, on his own behalf and                                                **PLAINTIFF**
On behalf of all others similarly situated

v.                                                                                                          NO. 3:16-cv-32-M

**TRI-STATE ENTERPRISES LLC,**
**REGINA BROCK, MICHAEL L. BROCK,**
and **LEE BROCK**                                                                              **DEFENDANTS**

## ORDER

This cause comes before the Court on Plaintiff's *Motion for Summary Judgment* [113]. The Court, having considered the memoranda and submissions of the parties, along with relevant case law and evidence, is now prepared to rule.

### Background

Plaintiff, Angel Martinez, began working for Defendant, Tri-State Enterprises LLC (Tri-State), in 2012. Tri-State, located in Walls, Mississippi, is owned by Defendant, Michael Brock. Defendant Mike Brock's wife, Regina Brock, and his son, Lee Brock, were also involved in certain operations of Tri-State. Regina Brock was responsible of ensuring all workers were compensated their earned wages and Lee Brock helped with other needs.

Plaintiff contends that Tri-State, Michael Brock, Regina Brock, and Lee Brock (collectively "the Defendants") failed to compensate him with overtime pay for all hours worked over the normal forty hours per week, thereby violating the Fair Labor Standards Act (FLSA). According to Plaintiff, the Defendants owe him $16,000 (estimate) in overtime pay for his labor since February 16, 2013. In the motion at hand, Plaintiff seeks summary judgment on grounds that he was an employee for purposes of the FLSA; that the Defendants are joint-employers; and that

1

the Defendants acted willfully in violating the FLSA. Plaintiff would also have this court grant summary judgment as to liquidated damages and attorney's fees.

## Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L. Ed. 2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

## Discussion

For a Plaintiff to recover under the FLSA, the Plaintiff must demonstrate that he was an employee of the Defendant. 29 U.S.C. § 207(a)(1).

### A. Plaintiff Was An Employee of Tri-State for FLSA Purposes.

"To determine if a worker qualifies as an employee, we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008). As

to economic reality, the court considers the following five factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id*. "No single factor is determinative." *Id.*

### a. The degree of control exercised by Tri-State and the degree to which Plaintiff's opportunity for profit and loss was determined by Tri-State weigh in favor of employee status.

As to the control and opportunity for profit and loss factors, the Court finds that both were largely determined by Tri-State. "Control is only significant when it shows an individual exerts such a control over a meaningful part of the business that [he] stands as a separate economic entity." *Brock v. Mr. W Fireworks Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987). "The lack of supervision over minor regular tasks cannot be bootstrapped into an appearance of real independence." *Id*.

In the case at hand, Defendants argue that Plaintiff retained control, and that his opportunity for profit and loss was not determined by Tri-State, because Plaintiff set his own hours, negotiated his rate of pay and was originally intended to be hired as a cutter. This court, however, finds that such arguments are not fully convincing. Although Plaintiff was originally intended to be hired as a cutter, he was instead hired to take charge of any support work for the cutters with whom Tri-State contracted (as discussed below). Per Defendant Mike Brock's deposition, he (an employer of Plaintiff—as discussed below) held and negotiated contracts with other companies, cutters then entered into contractual agreements with Tri-State, and Defendant Mike Brock would then pay Plaintiff out of the "contract per ton price of the metal that [he] would buy back from the cutters." During his time at Tri-State, Plaintiff earned an hourly wage by working for Tri-State to support the contracted cutters. This Court notes that Plaintiff's initial wages were at a rate of $9 per hour

3

and increased throughout his time with Tri-State. However, the fact that Tri-State granted wage increases to Plaintiff does not itself keep Plaintiff from being an employee under the FLSA. This Court finds that Plaintiff had no opportunity to profit beyond his hourly wage earnings, and, although Plaintiff was able to set his own hours, he worked for Tri-State exclusively for a period of three years at a rather consistent and large number of hours per week. Throughout his years with Tri-State, Plaintiff's employer paid him an hourly rate, required him to purchase and use company uniforms, and even applied the company employee vacation policy to Plaintiff. These factors weigh in favor of employee status.

### b. The extent of relative investments of Plaintiff and Tri-State weighs in favor of employee status.

As to relative investment, Defendants concede that Plaintiff never made any investments into Tri-State. Therefore, this factor weighs in favor of Martinez having been an employee of Tri-State Enterprise.

### c. The skill and initiative required in performing the job weighs in favor of employee status.

Next, the court "consider[s] whether the worker exhibits the type of skill and initiative typically indicative of independent-contractor status." *Hopkins*, 545 F.3d at 345 (referencing *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1314 (5th Cir. 1976)). "Routine work which requires industry and efficiency is not indicative of independence and nonemployee status." *Pilgrim Equip. Co.*, 527 F.2d at 1314. Generally, the court looks for some unique skill set. *Hopkins*, 545 F.3d at 345 (citing *Carrell v. Sunland Constr., Inc.*, 998 F.2d 330, 333 (5th Cir. 1993)).

In the case at bar, the court finds that had Plaintiff worked as a cutter then his position as a cutter would have required a special set of skills and the "skill and initiative" factor would largely weigh in favor of independent-contractor status. However, Plaintiff was not hired as a cutter. Instead, Plaintiff was hired to keep machines fueled and greased, to blow out air filters, and to

change oxygen and propane bottles—"just basic[ ] support work for the cutters". These duties, cleaning and maintaining machines, do not, in the court's opinion, require a unique skill set or specialized training or knowledge. Accordingly, this, too, weighs in favor of employee status.

### d. The Permanency of the Relationship

Finally, the court considers the permanency of the relationship between Plaintiff and Tri-State. As to permanency, Defendants would have the court focus on the fact that Plaintiff's initial association with Tri-State was that of an independent cutter, and that such independence should be presumed; additionally, Defendants focus on the fact that no contractual, permanent employee-employer relationship was ever established between the parties.

In determining the permanency of the relationship, the court considers the length of the working relationship between the parties. *Hopkins*, 545 F.3d at 345–46. The fact that there was never a contractual agreement between the parties establishing permanence, and the fact that Plaintiff's initial association with Defendants was for contract work, is *not* dispositive as "it is not what the [parties] could have done that counts, but as a matter of economic reality what they actually do that is dispositive." *Mr. W. Fireworks*, 814 F.2d at 1047.

Here, although there was no contract establishing a permanent employee-employer relationship, Plaintiff was nonetheless economically dependent on his working relationship with Tri-State. For three years, beginning in 2012 and continuing until 2015, Plaintiff worked exclusively for Tri-State Enterprises. *See Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662 (5th Cir. 1983) (establishing employee status because welders in that case worked exclusively for the company for a substantial period of time—ten months to three years—and the company provided the welders with "steady reliable work over a substantial period of time."). Accordingly, the permanency of the working relationship in this case weighs in favor of employee status.

Thus, considering the economic reality of the relationship, Plaintiff was an employee of Tri-State.

### B. Defendant Mike Brock was a Joint Employer of Plaintiff, whereas Defendant Regina Brock and Defendant Lee Brock were not Joint Employers.

Plaintiff argues that Defendants Michael Brock, Regina Brock, and Lee Brock are each "employers" under the FLSA, and therefore joint and severally liable for his overtime along with Defendant Tri-State. Under the FLSA, any employer who violates 29 U.S.C. § 207 (Maximum Hours statute) which states that an employee who works in excess of forty hours in a workweek must receive "a rate not less than one and one-half times the regular rate at which he is employed", is "liable to the employee . . . in the amount of [his] . . . unpaid overtime compensation . . . and an additional equal amount as liquidated damages." 29 U.S.C. § 206(b). Pursuant to 29 U.S.C. § 203(d), "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . .".

In the Fifth Circuit, to determine whether an individual is an employer under the FLSA, the court relies on a four-part "economics reality test." *Williams v. Henagen*, 595 F.3d 610, 620 (5th Cir. 2010) (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L. Ed. 2d 100 (1961)); *see also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). Under the economics reality test, the court considers whether the individual alleged to be an employer: "(1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Gray*, 673 F.3d at 355. "[T]hose who have control over employees within [a] compan[y] may be individually liable for FLSA violations committed by the compan[y]." *Id.* at 357. "In cases where there may be more than one employer, this court 'must apply the economic realities test to each individual or entity alleged to be an employer, and each

must satisfy the four-part test.'" *Id.* at 355 (quoting *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)).

In the case at hand, because of Defendants' failure to respond to Plaintiff's requests for admissions, the court deemed a number of requests as admitted. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *see also In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."). Defendants' motion for withdrawal of the admissions was denied, and thus, this court cannot simply ignore the admissions. *See Am. Auto. Ass'n, Inc. v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991). The Court must consider these admissions in its analysis below.

   a. **Michael Brock**

Defendant Mike Brock's position as owner and sole member of Tri-State Enterprises together with his oversight of Tr-State operations indicate that, pursuant to the economic realities test, he was an "employer" of Plaintiff under the FLSA. In Tri-State's deposition given by Defendant Mike Brock, he testified that he is the owner of Tri-State Enterprises and that he was the only person authorized to hire and fire people of Tri-State Enterprises. (Q: . . . Are you the only person who could hire and fire people into Tri-States? A: Yes."; *see also* Mike Brock Depo. 51:25.) Defendant Mike Brock also testified that he was responsible for day-to-day operations of Tri-State Enterprises. ("Q: So what is your specific title at Tri-State? A: I guess all of it."; *see also* Mike Brock Depo. 51:25-52:17.) Defendant Mike Brock would often collect employee times sheets and give them to Defendant Regina Brock; Mike would also instruct Regina on how payments were to be made for certain scrap tickets. ("A: . . . so I would call her and give her – make a check out for

7

this, divide it out over five people or whatever. . .")." Additionally, per Mike Brock's deemed admission, he "personally made the decision not to compensate Plaintiff at required overtime rates." In applying the economic reality test to Defendant Mike Brock, the court finds that he was an employer of Plaintiff under the FLSA and may be held joint and severally liable for the unpaid overtime.

    b. **Regina Brock**

As to Defendant Regina Brock, this court finds that the record evidence does not support a granting of summary judgment as to her. In applying the economic reality test to Defendant Regina, this court finds that, per her deemed admission, she was the "President" of Tri-State. However, the fact that she may have served as president does not automatically make her an "employer" under the FLSA. Although a president of a company is generally thought to have certain powers, the officer must, nonetheless, have some actual control and direct responsibility over day-to-day operations to be held an employer subject to individual liability under the FLSA. *See Gary*, 673 F.3d at 355–356.

Here, although Defendant Regina's deemed admissions establish that she "personally made the decision not to compensate Plaintiff at required overtime rates" and "personally made the decision to not compensate Plaintiff at required regular pay rates", these admissions alone do not establish that she was an employer under the FLSA. Defendant Regina had no power to hire and fire employees of Tri-State. Per Tri-State's deposition given by Mike Brock, he (Mike) was the only person who could hire or fire individuals. Additionally, nothing in the record indicates that Defendant Regina supervised or controlled employee work schedules or the conditions of employment. Defendant Regina's primary duties included managing payroll, making checks, and collecting and maintaining worker timesheets. ("Q: Primarily just handle payroll, making sure

8

checks go out? A: Yes."); (A: "I try to keep as much as I can for as long as I can. . ."). Therefore, the evidence does not support a granting of summary judgment as to Defendant Regina Brock; the evidence suggests that she was not a joint employer under the FLSA.

    **c. Lee Brock**

Like Defendant Regina, the court finds that the evidence does not support a granting of summary judgment as to Defendant Lee Brock. Although Defendant Lee Brock's deemed admissions place him as an owner of Tri-State, Plaintiff's supervisor, and as having "personally made the decision not to compensate Plaintiff at required overtime rates" and ". . . to not compensate Plaintiff at required regular pay rates", these admissions alone do not fully establish that he was an employer under the FLSA.

Per Tri-State's deposition given by Defendant Mike Brock, he (Mike) was the only person who could hire or fire individuals. Additionally, nothing in the record indicates that Defendant Lee controlled employee work schedules or the conditions of employment; that Defendant Lee determined the method or rate of payment (other than asking his father, Mike, if Plaintiff could be hired at $9 dollars per-hour); or that he maintained employment records. Therefore, having applied the economic reality test, the evidence does not support a granting of summary judgment as to Defendant Lee Brock; the evidence suggests that he was not a joint employer under the FLSA.

    **C. Willful Disregard**

"The issue of whether a particular violation was 'willful' determines the statute of limitations that applies to that violation." *Singer v. City of Waco*, 324 F.2d 813, 821 (5th Cir. 2003) (citing 29 U.S.C. § 255(a)). "If the violation was not willful, then a two-year statute of limitations applies to that violation . . . If the violation was willful, a three-year statute of limitations applies." *Id.* Under the FLSA, a violation is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Reich v. Bay, Inc.* 23 F.2d 110,

117 (5th Cir. 1994) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). The Plaintiff has the burden of establishing willfulness. *See Ikossi-Anastasiou v. Bd. Of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).

Here, genuine issues of material fact exist as to whether any FLSA violation was willful. Plaintiff argues that Defendants' failure to keep records, even now—years after the initial complaint for this case was filed, evidences Defendants' willfulness. Although this court agrees that Defendants' inability to produce Plaintiff's records, particularly the employer–created records, establishes a failure to keep records, the court does not consider such failure alone as establishing Defendants' willfulness. Per the deposition given by Mike Brock on behalf of Tri-State, Defendant Mike Brock testified to having no knowledge of the FLSA prior to this claim. Plaintiff would have this court rule that the fact that Defendant has not changed its record management, as evidenced by the same deposition, ("Q: Are you doing anything with time records any differently? A: I don't think so, no."), establishes willfulness. However, the Court notes that Tri-State enacted a change in its payroll policy in an attempt to, this Court assumes, avoid future FLSA issues; a change which Plaintiff argues goes against the FLSA if applied in a blanket across-the-board to employees and independent contractors. Reviewing the record, the Court opines that the record lacks enough evidence for it to grant summary judgment as to the issue of willfulness and finds that this issue is one for a jury.

**D. Liquidated Damages**

As to the issue of whether Plaintiff is entitled to liquidated damages, this matter depends largely on the jury's finding regarding the issue of willfulness. Pursuant to the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid

overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, "an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for 'an additional equal amount as to liquidated damages.'" *Singer*, 324 F.3d at 823 (quoting 29 U.S.C. § 216(b)). If, however, "the employer shows to the satisfaction of the court" that his actions were "in good faith and that he had reasonable grounds" to believe that his actions were "not a violation" of the FLSA, then the court may, in its discretion, eliminate or reduce liquidated damages. 29 U.S.C. § 260.

Because the court finds that the issue of willfulness is a matter for the jury, liquidated damages cannot be granted at this summary judgment stage. Whether Plaintiff is entitled to liquidated damages will depend on whether the employer can prove good faith. Thus, summary judgment on this issue is denied.

### E. Attorney's Fees

Under the FLSA, a prevailing party is entitled to an award of attorney's fees. Pursuant to 29 U.S.C. § 216(b), "[t]he court in such actions shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the cost of the action." In the case at bar, because there exist questions of facts as to whether any FLSA violation was willful, the court finds that granting summary judgment as to attorney's fees is improper.

### Conclusion

Accordingly, based on the foregoing analysis, it is hereby ORDERED that Plaintiff's *Motion for Summary Judgment* [113] is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion is GRANTED as to (1) the FLSA employee status of Plaintiff Angel Martinez; and (2) the

FLSA employer status of Defendant Mike Brock. Plaintiff's Motion is DENIED in all other respects.

SO ORDERED, this the 16th day of November, 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI